6948

GUIGNARD v. FIRST BAPTIST CHURCH OF SUMTER.

PARTIES—STRIKING OUT—NOTICE—CHAMBERS.—There are no allegations in this complaint which tend to show that two of the defendants named therein are liable to the plaintiff, either individually or jointly with the third defendant, and motion to strike out of the complaint such allegations as refer to them is the proper remedy, and such motion may be heard and determined at chambers, without notice to parties stricken out.

Before GARY, J., Richland, October, 1907.    Affirmed.

Motion to strike out in G. A. Guignard against J. H. Evans, the First Baptist Church of Sumter, and C. C. Brown. From order granting the motion, plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Joinder of parties:* 96 U. S., 89; 51 S. C., 543; 29 S. C., 14; 68 S. C., 22, 396. *Principal and guarantor should be made codefendants:* Code of Proc., 139, 141; 10 S. C., 179, 256; 17 S. C., 111; 15 Ency., 548; 16 Ency. P. & P., 929, 930, 931, 942; 69 S. C., 168; 68 S. C., 1, 13; 22 S. C., 554; 28 S. C., 516. *Demurrer is plaintiff's only remedy:* Code of Proc., 165; 12 S. C., 137; 10 S. C., 179; 15 Ency. P. & P., 695. *Defendant Evans should have notice of the motion:* 15 Ency. P. & P., 697, 698.

*Messrs. Lyles & McMahan,* contra, cite: *Motion to strike out is proper remedy to get rid of irrelevant matter:* Pom. Rem., secs. 551, 552; Code of Proc., 181; 71 S. C., 7. *There is a misjoinder of parties defendant:* 15 Ency. P. & P., 548, 582, 742; 16 Ency. P. & P., 941, 942; 20 Cyc., 1484; Pom. Rem., sec. 306; 28 S. C., 513; Code of Proc., 141; Bliss on Code Pl., secs. 94, 95. *Motion is proper remedy:* 40 S. C., 540; 15 Ency. P. & P., 757; 14 Ency. P. & P., 200, 211; 27 S. C., 318; *and is properly made at chambers:* Code of Proc., 402 (2); Cir. Ct. Rules, 20; Code 1902, 2736.

July 10, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This was a civil action, commenced in the Court of Common Pleas by due service of summons and complaint herein on all the defendants. The following is the complaint:

"Plaintiff above named, complaining of above named defendant(s), allege:

"For a first cause of action:

1. "That (the defendant, J. H. Evans, is a citizen and resident of Richland county, State of South Carolina, and).

the defendant, the First Baptist Church, of Sumter, S. C., is a religious society, incorporated and acting as such incor-poration in the City of Sumter, in the State of South Caro-lina (and defendant, C. C. Brown, is a resident of Sumter county, South Carolina).

2. "That during the years 1900 and 1901 (the defend-ant) J. H. Evans was engaged under contract with (his codefendant) the First Baptist Church, of Sumter, S. C., in erecting a brick church building for said codefendant in the City of Sumter, and (defendant) C. C. Brown claimed to be a member of the building committee of said church, acting for and actively representing said church in its building.

3. "That the plaintiff was then, as he has been for sev-eral years, engaged in the business of manufacturing and selling brick.

4. "That on            , 1901, in order to enable said Evans to carry on his contract, and to enable said defendant corporation to get its church building erected, and to induce the plaintiff to extend credit and furnish said brick, the said defendant, the First Baptist Church, of Sum-ter, S. C., promised and guaranteed to this plaintiff pay-ment for all brick furnished by plaintiff to (defendant) Evans, to be used in erecting the church for said defendant corporation.

5. "Subsequent to said promise and guaranty, the plain-tiff, with the full knowledge of (all) said defendant(s) that he was relying on said promise and guaranty, furnished and delivered to (defendant) Evans, for use of building church of (his codefendant) corporation a large quantity of brick.

6. "That there is a balance due to plaintiff for brick so furnished by him, and used in the erection of said church building of $1,017.50, no part of which has been paid, but the demand for which has been frequently made of (all) defendant(s) prior to commencement of this action.

"For a second cause of action:"

The allegations in paragraphs 1, 2 and 3 are the same as in the first cause of action.

4. "That this plaintiff, ascertaining that (the defendant) Evans was slow in making his payments, notified defendant, the First Baptist Church, of Sumter, S. C., which had repeatedly, through its building committee, communicated with plaintiff upon this subject, that if the said church would be and become responsible for the brick to be furnished by this plaintiff for the said building, plaintiff would furnish and ship said brick.

5. "Thereupon, in order to subserve its own purpose, and in order to hasten and procure the erection of its said church building, and in order to induce the plaintiff to furnish the brick, the defendant, the First Baptist Church, of Sumter, S. C., through (defendant) C. C. Brown, who purported to be acting for said church, on April 11, 1901, in the presence of the plaintiff and of (defendant) Evans, wrote out an order, which it caused (the defendant) Evans to sign, in words and figures as follows, to wit:

"'April 11, 1901.

"'W. H. Graham, Treasurer B. C. First Baptist Church, Sumter, S. C.:

"'Dear Sir—Please pay all back bills for brick to be delivered hereafter by G. A. Guignard, and deduct the same from the certificates issued by Messrs. Wilson & Edwards, the remainder of each cash certificate to be paid to me in person, unless otherwise arranged between us.

"'J. H. EVANS.'

6. "That having caused (defendant) Evans to sign the paper so prepared by (defendant) Brown, purporting to act for said church and its building committee, the said defendant church, through said C. C. Brown, delivered said paper to the plaintiff, and assured plaintiff that all brick furnished by him for the said building would be paid for.

7. "That the said assurance and the said paper order were executed and given, as the plaintiff is informed and believes, with the full knowledge, assent and approval of the defendant, the First Baptist Church, of Sumter, S. C., and its building committee.

8. "That subsequent to the execution of the said paper-writing, of date April 11, 1901, and the assurance and guaranty given by said defendant church to plaintiff, said plaintiff, from time to time, furnished large quantities of brick for the building of said church, all of which were furnished with full knowledge on the part of (all) defendant(s), that the said order of April 11, 1901, above set forth, was outstanding, in the hands and possession of plaintiff, and that plaintiff was relying on the same and on the assurance and guaranty of the defendant church for payment for his brick.

9. "That subsequent to the said assurance and guaranty and the execution of the said paper-writing of April 11, 1901, with full notice and knowledge thereof, and of the fact that plaintiff had, from time to time, furnished quantities of brick for and on account thereof for the building of said church, the defendant, the First Baptist Church, of Sumter, S. C., as plaintiff is informed and believes, made a number of payments to (the defendant) Evans, from time to time, some on certificates issued by the architects, some without such certificates, but all without taking into consideration or making any deduction or retaining any money for plaintiff.

10. "That there is a balance due to plaintiff of $1,017.50 by defendant(s) herein, for and on account of brick furnished by plaintiff to defendant(s) as aforesaid, which were used in the erection of the church building for defendant, the First Baptist Church, of Sumter, S. C.

11. "That no part of said balance of indebtedness has been paid, but the same and every part thereof is justly due and owing by defendant(s) to plaintiff; and plaintiff has made frequent demands on (each of) said defendant(s) for payment thereof before the commencement of this action.

"Wherefore, plaintiff prays judgment against defendant(s) for the said sum of $1,017.50, together with interest, cost of action, and such other and further relief as he may be entitled to in the premises."

The defendant, the First Baptist Church, of Sumter, S. C., on October 15, 1907, duly served the following notice on the attorneys for the plaintiff, but no notice was served or given to the attorneys for defendant, Evans:

"You will please take notice, that the defendants above named, the First Baptist Church, of Sumter, S. C., by its attorneys, Lyles & McMahan, will move, before his Honor, Ernest Gary, Judge of the Fifth Judicial Circuit, at his chambers, in Columbia, on Saturday, the 19th of October, 1907, at 5 o'clock in the afternoon, or as soon thereafter as counsel can be heard, for an order striking out as irrelevant and redundant so much of the summons and complaint in the above-entitled action as refers to J. H. Evans and C. C. Brown, as defendants in said action, to wit:"

Then follows a specification of the words and letters to be stricken out, which embraces all the words and letters designated by enclosure in parentheses in the foregoing complaint and the notice concluded as follows:

"Also, defendant will move for an order transferring the action from the County of Richland to the County of Sumter, the residence of the defendant, the County of Richland, designated in the summons and complaint, not being the proper county for the trial of said action. Both of said motions will be made upon the ground that the complaint states a cause of action against the defendant, the First Baptist Church, alone, and not against J. H. Evans or C. C. Brown, and that the complaint does not state a cause of action which is joint against the three named as defendants."

After hearing argument pro and con, the following order was passed by his Honor, Judge Ernest Gary:

"The First Baptist Church, of Sumter, S. C., by its attorneys, Messrs. Lyles & McMahan, upon the grounds set forth in the notice herewith filed, moved before me at my cham-

bers, in the City of Columbia, this 19th day of October, 1907, for an order striking out as irrelevant or .redundant so much of the summons and complaint in the above-entitled action as refers to J. H. Evans and C. C. Brown, as defendants in said action, the said notice containing a specification of the words to be stricken out. After hearing arguments for the motion by Messrs. Lyles & McMahan, and against the motion by Mr. D. W. Robinson, attorney for the plaintiff, it appearing to me that the complaint does not state a cause of action against the said J. H. Evans or C. C. Brown, or a joint cause of action against the three defendants above named, and that its allegations could at most be construed to state a cause of action against the First Baptist Church alone (if the said complaint states any cause of action at all), it is

"Ordered, That the motion is granted, and so much of the summons and complaint as refer to J. H. Evans and C. C. Brown, as defendants in said action, be, and is hereby, stricken out, to wit:"

Then follows a specification of the words and letters to be stricken out, as designated in the notice, embracing the words and letters designated by enclosure in parentheses in foregoing complaint. And the order concludes as follows:

"The motion to transfer the cause to Sumter county, which should be made before the Court in session and not before a Judge at chambers, is withdrawn by the attorneys for the defendant, the First Baptist Church, of Sumter, S. C."

From this order of the Circuit Judge, the plaintiff has appealed, upon the following exceptions:

1. "That his Honor erred in holding 'that the complaint does not state a cause of action against the said J. H. Evans or C. C. Brown or a joint cause of action against the three defendants above named, and that its allegations could at most be construed to state a cause of action against the First Baptist Church alone (if the said complaint states any cause of action at all),' because:

32—80

"(a) The said Circuit Judge would have no jurisdiction to make such order at chambers;

"(b) Said order could only be made on a demurrer and not on a motion to strike out;

"(c) The complaint does state a cause of action against the defendant, Evans, the principal debtor, and the defendant, the First Baptist Church; and,

"(d) The Court could not on such motion elect which defendant should be struck out and which should be left in the cause."

A study of the complaint shows that the only cause of action contained therein is against the First Baptist Church, of Sumter, S. C. It seems to us that the Circuit Judge made no mistake in holding that there was no cause of action set up against the two defendants, J. H. Evans and C. C. Brown, nor was there a joint cause of action according to the Code, section 181, which is as follows: Section 181. "If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby. And when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the Court may require the pleading to be made definite and certain by amendment."

It was in accordance with this section of the Code that the motion was made before Judge Gary. As was held in *Tittle* v. *Kennedy,* 71 S. C., 7, 50 S. E., 542, where Mr. Justice Woods, speaking for the Court, says: "A demurrer is not generally a proper remedy for disposing of irrelevant or redundant matter contained in a pleading, but an application to strike out is the only proper remedy, since a demurrer does not lie to a part only of the allegations intended to set forth a single cause of action or defense; nor is irrelevancy, redundancy or surplusage a ground of demurrer to the pleadings as a whole. On the other hand, where an entire pleading, or a part of a pleading, purporting to set up a separate cause of action or defense, is wholly devoid of merit,

and consists only of irrelevant or superfluous matter, a general demurrer will lie, or the objection may be taken in some other manner proper for determining its sufficiency; but, according to many authorities, it may not be stricken out under a Code provision, the language of which limits motions to strike out to irrelevant or redundant matter contained or inserted in a pleading which is otherwise good. 21 Ency. P. & P., 234-236."

In Pom. Rem. (2d ed.), section 551, it is held: "An allegation is irrelevant when the issues formed by its denial can have no reflection with nor reflect upon the cause of action." The allegation in regard to J. H. Evans and C. C. Brown had no connection with nor reflect upon the cause of action against the First Baptist Church. And, as is held in section 552, of the same author: "The rule is established by the unanimous decisions of the courts, as well as by the provisions found in the Codes, that the proper and only method of objecting to and correcting redundant or immaterial or irrelevant allegations in a pleading is a motion to strike out the unnecessary matter and not a demurrer nor an exclusion of evidence at the trial."

The allegations in paragraph 5, that "the plaintiff, with the full knowledge of all said defendants, that he was relying on said promise and guarantee, furnished and delivered to defendant, Evans, for use of building the church of his codefendant corporation, a large quantity of brick," failed to indicate that Evans was more than the receiving agent and the employed builder of the defendant church. Paragraph 6 fails to show any obligation on the part of Evans to pay the demand, nor any ground therefor. It appears, therefore, that Evans was no more than the mere agent of the church; so as to the allegation as to the defendant, Brown, he is merely held out as a member of the building committee of said defendant church.

The plaintiff wishes the construction that he sold to Evans with the guarantee of the church as security, and is suing the two, either or both being liable. As was well

remarked by the attorney for the respondent, "nowhere does it appear that Evans was under contract to furnish brick for the church, or that the plaintiff was authorized to look to Evans for payment of the brick, or that the plaintiff made any contract with anybody other than the church alone."

Rule XX, of the Circuit Court Rules, is ample authority to empower the Circuit Judge to grant the order as he did at chambers.    Having the power to hear necessarily gives him the power to decide, and, therefore, there was no error by the Circuit Judge as here pointed out.    This exception, and its subdivisions, are overruled.

2. "That his Honor erred in ordering that 'J. H. Evans and C. C. Brown, as defendants in said action, be, and is hereby, stricken out, to wit,' and in striking out from the summons and complaint in this action all the portion thereof relative to defendant, J. H. Evans: because the said J. H. Evans was a necessary and proper party to the complaint, as shown by its face, and his name could not be stricken out, or the cause of action confined to the defendant, the First Baptist Church, of Sumter, S. C., on such motion as on the record in this cause."

We see no objection to the order made by the Circuit Judge.    He had the power to make the order, and he was impressed that it was proper for him to strike out the names of J. H. Evans and C. C. Brown as parties defendant.

Evidentiary matters need not be pleaded, but, if it is stricken out of a complaint, that does not prevent the plaintiff from the use of such parties as witnesses.    We see no error here, and, therefore, overrule this exception.

It is the judgment of this Court, that the order made by his Honor, Judge Ernest Gary, be, and the same is hereby, affirmed.

MR. JUSTICE JONES *dissents, on the ground that the complaint states a cause of action against J. H. Evans, and the allegations as to him are not irrelevant or redundant.*